## Malinda Falor et al., Appellants, v. Nicholas Doubet et al., Appellees.

## Gen. No. 5,488.

1. ADMINISTRATION OF ESTATES—*how discovery of assets obtained.* If the probate court has jurisdiction, discovery of assets may be had by citation under section 81 of the Administration Act; a bill in chancery is not an alternative remedy, especially where it waives answer under oath.

2. PARTITION—*what question may be adjudicated in.* In a partition proceeding the court has jurisdiction to determine whether rents have been collected and improperly retained by one of the parties in interest.

3. PLEADING—*effect of inconsistencies.* In chancery if a bill be totally inconsistent with respect to a particular transaction it is subject to special demurrer.

4. PLEADING—*when allegations insufficient in chancery.* Equitable relief will not be predicated upon a bill the allegations of which are uncertain, obscure and contradictory.

Bill in equity. Appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

SHEEN & DAVID, CAMERON & CAMERON and L. O. EAGLETON, for appellants.

IRA J. COVEY and JUDSON STARR, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

The court below sustained general and special demurrers to an amended bill in equity, filed by the five daughters of Joseph Doubet, deceased, against the sons of said deceased and the wife of one of said sons and the children of a deceased daughter and the administrators of the estate of said Joseph Doubet, deceased, and the administrator and heirs at law of one son, who

was deceased, and dismissed said bill without prejudice. Complainants below, by two separate appeal bonds, each executed by a part of the complainants, bring the decree to this court for review. The bill is very lengthy, and it seems to us unnecessary to set out in this opinion the allegations thereof. The bill contains many such words as "confederated and conspired," "fraudulent purpose," "falsehoods," "conspired by threats of violence, intimidation and other arts and practices," "recommendations," "persuasion," "advice," "coercion," "defraud," "undue influence," "fraudulent conduct," "fraudulently concealed," "fraudulent conspiracy," "fraudulently cheated," "co-conspirators," "friendship, arts, practices and devices, the exact nature and character of which are not fully known to these complainants;" but it is exceedingly meagre in the statement of any facts to support such language. In many respects the allegations are inconsistent. Upon an examination of the amended bill, our conclusion is that there is no subject-matter embraced in the bill in respect to which the bill is not subject to some one or more of the grounds of special demurrer alleged against it.

Joseph Doubet died intestate on or about December 19, 1909, a resident of Peoria county. On January 6, 1910, Ida Mitchell, one of the complainants, and Edward Doubet, one of the defendants, were appointed administratrix and administrator of the estate of the said Joseph Doubet, their father, and qualified and were still acting in that capacity when this amended bill was filed. The bill shows that they received over $80,000 in cash and that a considerable portion thereof has been distributed among the complainants and defendants as heirs at law under the orders of said probate court. Said probate court still has jurisdiction of said estate. There are still pending before said court two claims against said estate, which are contested, one of which is a claim in favor of Nicholas

Doubet, one of the defendants, for $29,700. The bill alleged in an indefinite way that there are outstanding in the hands of said sons or some of them many papers evidencing indebtedness from some of said sons to their father or to his estate. Section 81 of the Administration Act gives the county court the fullest authority to cite such parties into court, examine said parties on oath, hear other evidence, and make such order in the premises as the case may require. The authority of the county court under such a citation is fully recognized in Martin v. Martin, 174 Ill. 371, and in many other cases. The probate court act extends that jurisdiction to the probate courts of this state. The probate court of Peoria county is in possession of full jurisdiction over this estate and has partially completed the administration thereof. It is not alleged that the complainants have ever applied to that court to cite the defendants before it and to ascertain the facts about these various alleged papers. The bill alleges in the alternative that there were at least five different papers, acknowledging advancements of sums of $5,000 each to be treated as advancements to said sons upon the settlement of the estate, and that said papers are either in the possession of some of said sons or have been destroyed. The bill does not deny but what complainants knew these facts before any distribution by the probate court among the heirs. The probate court therefore had power to cite these sons before it, ascertain the facts, bring such advancements, if they really existed, before the court and have them added to the moneys on hand, and to make a distribution of the whole sum. It is not claimed that this jurisdiction of the probate court has ever been invoked. The bill also claims that deceased had much grain, hay, hogs, cattle, horses, farm implements, promissory notes, certificates of deposit, and other valuable assets, for which the defendants or some of them should account. The statutes above cited gave the

probate court jurisdiction to ascertain the facts in regard to this property and to order it delivered to the administrator. An action of replevin therefor brought by the administrators would give an adequate remedy at law. Complainants have framed their bill as if for a discovery, but they waived the oath and they thereby practically destroyed the efficiency of the discovery alleged to be sought and can obtain much less information by an answer in this case than by proceeding under a citation from the probate court.

The bill shows that a partition suit was pending between these heirs at law in the circuit court of Peoria county, and that in that suit a decree had been entered and under that decree a large amount of the real estate left by deceased has been sold and that a part of the proceeds have been divided between the heirs and that said cause is still pending for a determination as to the rents of said real estate for one year. The bill seeks to charge the defendants or some of them with the rents of this property for many years prior to the death of the father. No reason is perceived why that matter should not have been submitted to the jurisdiction of that court in that cause. Indeed, for all that this bill shows, the claim here made may have been made in that cause and may have been there defeated, except as to one year. The bill here does not allege who were the complainants in that suit and it may be that the complainants here were the complainants there. If so, they should have set up all their claims to rent in that cause and had them adjudicated before distribution was made, and there is nothing here to show but what they can still make this claim in that cause. If they were not complainants there, but defendants, still they had a right to there present any question concerning said rents, so far as this bill discloses.

The allegations of this amended bill are contradictory in various respects. A single example will suffice.

The bill alleges that for ten years before his death, their father was in such a condition of mind and body as to be incapable of transacting business, and it assails various transactions done in his name during that period, because of that incompetency. Yet elsewhere it alleges that in 1907 their father determined to make advancements to all his children of the value of $5,000 to each, and that he deeded to each son real estate worth $5,000; that he was intending to give each daughter $5,000 in money, and that the sons dissuaded him from paying that to his daughters during his life time; and the daughters seek by this bill to affirm and carry out and finish executing that purpose of their father's either by treating each of these deeds to a son as an advancement to him of $5,000, and having the same brought into hotchpot, or by having each daughter paid $5,000 to complete the intention of their father formed in 1907. We do not think that complainants can be heard to say in the same bill that the intention formed by their father in 1907 shall be carried into complete execution by the court and also say that at the same time he was incompetent to transact any business. If he was then competent to form the purpose of giving each daughter $5,000 no fact alleged in the bill shows why he was not also competent to change his mind.

It appears that one son took possession of a piece of land in 1888, which his father then owned; that his father executed a deed to him of said land in 1888; but it is alleged that his father did not deliver the deed to him and that, after the father became incompetent, it was in some unknown way placed upon record. If this son owed his father for the rent of these premises at the time of his death; the administrators had a complete remedy at law by an action of assumpsit to recover such unpaid rents. If the deed was never actually delivered, no reason is seen why this land should not have been embraced in the partition suit. The bill

in this case does not contain any prayer that that deed be set aside. If the meaning of the bill is that this land was intended as an advancement to that son, then there was an adequate remedy in the probate court.

This bill is really an effort by certain heirs at law to wrest from the probate court a jurisdiction which it is now exercising and to remove the further administration of the estate into equity. In Moore v. Brandendurg, 248 Ill. 232, there had been no administration; the deceased left no debts and the funeral expenses had been paid. Here administration is in progress, one of the complainants is one of the administrators, claims are pending against the estate and not yet adjudicated, and the probate court still has in its control a large sum of money. The matters here presented could have been, or can to a very large extent be, adjudicated in said probate court, and the remainder of the matters here involved could have been or can be adjudicated in the partition suit, which is still pending between the parties to this cause; and as to the other matters involved herein, the allegations of the bill are so uncertain, obscure and contradictory as not to furnish a basis for equitable relief.

The decree is therefore affirmed.

*Affirmed.*