## Edward Doubet et al., Appellees, v. Peter Doubet, Appellant.

### Gen. No. 6,040.

1. ESTOPPEL, § 66*—*when minor heirs not estopped by act of administrator from insisting that land received by heir was as an advancement.* In an action by administrators to recover from a son of intestate the value of land transferred to him by intestate in his lifetime, such value being expressed in the deed, under a written agreement whereby he agreed that such amount should be regarded as an advancement, and should be deducted from his distributive share of intestate's estate, and where the trial court required plaintiffs to elect on what ground they would proceed, as between the theory of an advancement and that of a debt due to the estate, minor heirs of intestate, parties to the proceeding, *held* not bound by such election nor precluded thereby from insisting on their demand that the amount received by defendant should be deducted from his distributive share of the estate.

2. JUDGMENT, § 482*—*when judgment in action of partition not res judicata as to distributees making claim for an advancement made to heir.* Sections 4-7 of the Descent Act (J. & A. ¶¶ 4205-4208),

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

relating to advancements, make no such distinction between advancements made in land and those made in personalty as to estop administrators and distributees from making claim in the Probate Court to recover the amount of an advancement in land, the value of which is expressed in the deed, nor is such action *res adjudicata* by reason of the fact that owing to such a distinction the question of such advancement should have been determined in a partition proceeding to which plaintiffs were parties, but in which such question was not decided.

3. ADVANCEMENTS, § 13*—*when immaterial whether contract provides for advancement or debt.* In an action by administrators to recover on a written contract whereby, in consideration of the transfer of land to defendant by intestate in his lifetime, defendant agreed that the amount expressed in the deed as the value of the land transferred should be deemed an advancement, and such amount deducted from defendant's share in intestate's estate, it is immaterial whether the claim sought to be enforced be deemed an advancement or as a debt due the estate, as the result is the same in either case.

4. ADVANCEMENTS, § 13*—*what power father has to contract with child regarding inheritance.* Although section 7 of the Descent Act (J. & A. ¶ 4208) provides that no gift or grant shall be deemed an advancement unless so expressed or charged in writing, there is nothing in this provision or in any other provision of law applied to advancements which prevents a father from contracting with a son in regard to the son's inheritance.

5. ADVANCEMENTS, § 13*—*power of heir to make contract with ancestor regarding distributive share.* An heir or distributee may make a valid and enforceable contract with an ancestor as to the participation of such heir or distributee in the estate of the ancestor.

6. ADVANCEMENTS, § 13*—*what are proper subjects of contract.* Estates in expectancy are proper subjects of contract, and such contracts, as well as contracts between parent and child as to the expectancy of the child in the estate of the parent, will be enforced.

7. ADVANCEMENTS, § 11*—*what is effect of contract for an advancement.* Where a son receives from a father a parcel of land of a value named in the deed, on the agreement that the gift shall be deemed an advancement, and the amount named in the deed deducted from the son's distributive share in the father's estate, such contract is valid, and is based on a valid consideration and fixes the rights of such son, and the theory of advancements does not operate either to relieve the administrators of such father from enforcing the contract, or to enable the son to prevent its enforcement.

8. ADVANCEMENTS, § 15*—*when contract between intestate and son construed to give Probate Court jurisdiction.* Where a contract

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Doubet et al. v. Doubet, 196 Ill. App. 289.

between an intestate and his son whereby the son received from intestate a transfer of land, the value of which was expressed in the deed, and which contract provided that the amount so expressed should be deemed an advancement and should be deducted from the "distributive share" of such son in intestate's estate, such a contract can have no other meaning than that the matter should be adjusted in the Probate Court which has jurisdiction, ordinarily exclusive, of the distribution of personal estates, and not in chancery proceedings to which heirs, as such, must ordinarily resort to adjust their differences.

9. ELECTION OF REMEDIES, § 11*—*when election of wrong remedy by administrator not fatal.* In an action by administrators to recover the amount of an advancement to a son of intestate, where on the trial in the Circuit Court of an appeal from the County Court plaintiffs were required to elect on what ground they would proceed, as between the theory of an advancement and that of a debt due the estate, the demand sought to be enforced does not fail if plaintiffs made a mistake in making such election, since the Circuit Court, in trying the appeal, was sitting with substantially the same jurisdiction as the Probate Court, and as in such cases it is not the policy of the law to embarrass trials with technical pleadings, so that if correct conclusions were arrived at on competent evidence, it is unimportant whether either litigant or court were accurate in the reasoning which led to such conclusion.

10. INFANTS, § 25*—*when minors entitled to protection of court.* Where the rights of minors are involved as parties to an action, such rights must be protected although technical pleadings are required in the form of action brought, and although if such minors were adults, they could have no relief owing to defects in such pleadings.

11. NEW TRIAL, § 5*—*when should be granted.* A new trial should be granted where it appears that a party has been deprived of a jury trial by some mistake in the trial of a case arising from a wrong theory, or where such party by reason of such mistake has been put to disadvantage in the introduction of evidence.

12. JURY, § 10*—*when administrator not entitled to jury trial on appeal from Probate Court.* No party to a proceeding brought in the Probate Court is entitled to a jury trial in the Circuit Court on appeal from the decree of the Probate Court.

13. NEW TRIAL, § 5*—*when should not be granted.* In an action originally commenced in the Probate Court by administrators to recover from a son of intestate the value of certain land transferred to such son, such value being expressed in the deed, under an agreement that it should be deemed an advancement in the amount named

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in such deed, which amount should be deducted from defendant's distributive share in intestate's estate, and which action was subsequently tried on appeal in the Circuit Court, the question to be determined by the Probate Court in the first instance, and by the Circuit Court on appeal, was whether defendant's distributive share should be diminished by the amount agreed upon in the contract, and any defense to such contract should have been made at the hearing, and a new trial should not be granted, notwithstanding the fact that the Circuit Court required plaintiffs to elect on what ground they would proceed, as between the theory of an advancement or of a debt due the estate, and plaintiffs may have made a wrong election as between the two theories.

14. PRODUCTION OF BOOKS AND PAPERS, § 5*—*when production of copy of instrument sued on may be required.* In an action grounded on a written instrument, defendant has the right either to call for a copy of the instrument sued on before the trial, or if on the proof of the document it appears to defendant that his defense called for proceedings and evidence differing from those before supposed necessary, defendant may ask for time and opportunity to present such defense.

15. EXECUTORS AND ADMINISTRATORS, § 496*—*when evidence to show signing of contract.* In an action by administrators to enforce a written obligation alleged to have been signed by defendant wherein defendant, in consideration of a transfer of certain land by intestate agreed that the amount expressed in the deed to be the value of the land transferred should be deemed an advancement and deducted from defendant's distributive share of intestate's estate, a finding that defendant signed the writing *held* not erroneous, although the original writing sued on was lost and not produced at the trial, it appearing that after the death of intestate defendant admitted he owed the estate the amount sued for, and had signed and delivered to intestate in his lifetime a writing exactly like that given by a brother to intestate in a similar transaction, except that the amount named in the deed as the value of the land transferred was different from that named in the deed to such brother, from which writing given by such brother the contents of the writing signed by defendant was ascertained.

16. WITNESSES, § 132*—*when party defendant not competent to deny signature of contract with decedent.* In an action by administrators to recover a sum alleged to be due to intestate's estate from defendant arising out of a written contract made with defendant in his lifetime, the exclusion of defendant's testimony in his own behalf that he never signed the contract sued upon *held* not erroneous, defendant not being a competent witness in his own behalf as to transactions with intestate before intestate's death.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

17. EVIDENCE, § 44*—*when no presumption of release because obligation not found.* Where a father enters into a written contract in his lifetime with a son which imposes a burden on the son, the fact that the writing evidencing the obligation was not found among the father's papers at his death raises no presumption that deceased destroyed the writing with intention to release the son from the obligation imposed by the writing, although the father is shown to have destroyed a will he once made, and dies intestate, nor will the loss of such a writing or the failure to account for such loss work a release of such obligation.

18. APPEAL AND ERROR, § 1488*—*when admission of incompetent testimony not error.* A court trying a case without a jury can hardly err in the admission of incompetent testimony.

19. EVIDENCE, § 125*—*when secondary evidence admissible.* In an action grounded on a written instrument where it is conceded that the writing sued on is not in existence, secondary evidence thereof is competent.

20. APPEAL AND ERROR, § 1240*—*when party cannot complain of unnecessary written pleadings.* In an action where written pleadings are not required, a party cannot be said to have been prejudiced by unnecessary written pleadings where such party was mainly responsible for getting such pleadings into the case.

Appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed October 20, 1915. *Certiorari* denied by Supreme Court (making opinion final).

JUDSON STARR, for appellant.

GLEN CAMERON, SHEEN & GALBRAITH and DAN R. SHEEN, for appellees.

MR. JUSTICE CARNES delivered the opinion of the court.

Joseph Doubet, the owner of a large real and personal estate on April 2, 1888, executed a warranty deed in the usual form (his wife joining therein), of an eighty-acre tract of land to his son Peter Doubet, the appellant, for an expressed consideration of $4,500, "and other good and valuable considerations," the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

receipt of which, though no money was paid, was in the deed acknowledged. Following a form he had used with another son, it is claimed he took from Peter a writing as follows:

"Received of my father, Joseph Doubet, the sum of Four Thousand Five Hundred ($4,500) Dollars as an advancement on my share of his estate, and I hereby agree that in settlement of his estate by an administrator or executor the said sum of Four Thousand Five Hundred ($4,500) Dollars shall be by him charged against me as such advancement and said amount shall be deducted from my distributive share, but no interest shall be counted thereon.

(Signed) Peter Doubet."

This deed was kept in the grantor's possession for some time, but was delivered and recorded before his death. Peter was in possession of the land at and before the time of making the deed, and always remained in possession. No question arises here of the validity of the deed, or of its delivery in the lifetime of the grantor.

Joseph Doubet died intestate December 19, 1909, and administration of his estate is pending in the Probate Court of Peoria county. In a final report filed in December, 1911, his administrators, Edward Doubet and Ida Mitchell, the appellees, inserted the following item:

"Items of receipts. Amount advanced to Peter Doubet for land conveyed by Joseph Doubet to said Peter Doubet, or to amount owed by said Peter Doubet to Joseph Doubet for land conveyed by Joseph Doubet to said Peter Doubet in lifetime of said Joseph Doubet . . . . . . . . . . . $4,500.00. "12/18/11. Peter Doubet owes to the estate of said Joseph Doubet the sum of $2,739.40 after allowing him his full share of said estate, which amount the Adms. of said estate ask the court to order said Peter Doubet to pay back."

The distributees of the estate were duly notified, and appellant appeared in the Probate Court and contested that item of the report. The matter was heard, and the court found that Peter Doubet had received from the administrators in cash, on his distributive share, $6,500, and had filed a refunding bond conditioned that he would refund to the estate any portion thereof to which he was not entitled, or that would be needed for the proper settlement of the estate; that he is indebted to the estate in the sum of $4,500, as set forth in the report. And ordered that he pay to the administrators the difference between that sum and his final distributive share of said estate, and approved the report.

Appellant appealed to the Circuit Court where the parties appeared. Some of the distributees were minors and appeared by guardian *ad litem*. The administrators filed what is called a bill of particulars as follows:

"Peter Doubet

To Estate of Joseph Doubet, deceased.
"To advancement of the East Half of the Southwest Quarter of Section 12 in Logan Township, Peoria County, Illinois, at the fixed and agreed valuation of . . . . . . . . . . . . . . . . $4,500.00
"As per written instrument signed by said Peter Doubet and dated on or about April 2, 1888, and by said Peter Doubet delivered to said Joseph Doubet, deceased.

"Peter Doubet

To Estate of Joseph Doubet,        Dr.
"12/9/07. To amount due from Peter Doubet to Joseph Doubet for the East Half of the Southwest Quarter of Section 12 in Logan Township, Peoria County, Illinois . . . . . . . . . $4,500.00."

There was much pleading and much contest about the pleadings, though this is a statutory proceeding, in which written pleadings are not required. The court

at the instance of appellant compelled the adminis-
trators to elect and say whether they were proceeding
on the theory of an advancement to Peter Doubet, or a
debt due from him to the estate, and they said they
would proceed on the theory of an advancement. The
court heard much evidence as to the transaction, the
guardian *ad litem* protesting that the minors were
entitled, as distributees, to demand that any debt from
appellant to the estate should be deducted from his
distributive share, and were not at all precluded from
insisting on their demand by any mistake of the admin-
istrators in naming the transaction from which the
indebtedness arose; and in this contention he was right.

Among other things, in support of his objection to
this item of the report, appellant claimed that the
whole question was *res adjudicata* by reason of a par-
tition proceeding wherein the heirs, who were the same
persons as the distributees appearing in this case, had
procured the sale of the real estate of which Joseph
Doubet died seized, and the distribution of the proceeds
among them. The eighty acres here in question were
not sought to be partitioned, but it is assumed that any
question of advancement of that eighty acres should
have been determined in that partition proceeding. The
cause was referred to the master in chancery to take
testimony and report his conclusions of law and fact on
this question of *res adjudicata,* which he did, report-
ing that the matters here in question were not passed
upon or necessarily involved, in the partition proceed-
ings; that the advancement alleged was to be adjusted
in money upon the settlement of the estate; that the
personal estate has been at all times sufficient to enable
the Probate Court to adjust that matter between the
distributees; that there was no reason for the court's
adjusting that matter in the partition proceeding, and
it did not in fact assume to take jurisdiction of the
question, and that the objection of *res adjudicata* is
not well taken. The question whether there was in fact

an advancement, or debt, was not submitted to or passed upon by the master.

The chancellor, after hearing much evidence, entered an order finding that the order of the Probate Court, "from which this appeal is taken, should be and is hereby confirmed, and the final report of said administrators made therein, should be and hereby is affirmed. The court further finds that the sum of $4,500.00 objected to by Peter Doubet herein, was and is a proper charge against his share of the estate of Joseph Doubet, deceased, and a proper credit in favor of said estate, in said final report, as shown herein, as filed and approved by said estate, and in the judgment of the court the said $4,500.00 was in the nature of an advancement made by deed by Joseph Doubet, the father of said Peter Doubet, many years before his death, to said Peter Doubet, of 80 acres of land, at a fixed valuation of $4,500.00 and was so received as an advancement of such valuation by said Peter Doubet, and has been so held and enjoyed by him ever since." And certified the findings to the Probate Court for further proceedings, from which order this appeal is prosecuted.

Appellant presents an exhaustive brief on the law of advancement, claiming that our statute (sections 4 to 7 of the Descent Act, J. & A. Stats., vol. 2, ¶ 4205 *et seq.*) so distinguishes between advancements in land and in personalty that the distinction must be observed in settlement of estates, and an advancement in land adjusted in the partition of real estate or other proceedings in which the heirs as distinguished from the distributees are parties; and if the heir receiving the advancement has sufficient interest in the remaining real estate to enable a court of chancery in a partition proceeding to adjust the matter there, it must be done; and a failure to procure that action of the court in a partition proceeding estops the heirs, as distributees, from asking an adjustment in the settlement of the

personal estate in the Probate Court. There had been a partition proceeding, and appellant's share of the proceeds of that was sufficient to meet the demand upon him, therefore appellant says: "It is *res adjudicata* whether we consider it as a case of mistaken defense or whether we consider it as a case where a defense might have been made and was not made." He also says the question is undetermined in this State and asks us to construe the statute. It appears that certain of the heirs filed a cross-bill, claiming that there had been advancements to Peter and other children and asking relief, and that the cross-bill was dismissed by the court without prejudice; and that they then filed an original bill concerning these matters to which a demurrer was sustained and the bill dismissed without prejudice, and that decree affirmed on appeal to this court in *Falor v. Doubet,* 164 Ill. App. 433. It is contended that the subject-matter here now is an advancement in land, and, because of something in those partition proceedings, the administrator and distributees are estopped from making this claim in the Probate Court. We do not see any good ground for this contention, and we are unable to see the application of the great number of decisions of this and other jurisdictions cited by appellant on the law governing advancements. It does not seem to us very important whether the transaction in question here is or is not an advancement in land. Appellant in one part of his brief argues that it was not an advancement, and that the evidence relied on by appellees, including the deed, shows it was not an advancement, but if any obligation it was a debt. We are inclined to that view of the situation, but do not so hold because in our opinion whatever may be the name of the transaction the same result is reached. It is true that under our statute no grant is deemed an advancement unless so expressed or charged in writing by the intestate, or so acknowledged by the child, and questions often arise

as to what writing is sufficient. But there is nothing
in this provision of law, or any other provision applied
to advancements, that prevents a father from contract-
ing with his son in relation to his inheritance. It is a
general rule that an heir or distributee may make a
valid enforceable contract with an ancestor as to his
participation in the estate. 14 Cyc. 91. The courts of
this State have always been liberal in holding that
estates in expectancy are appropriate subjects of con-
tract, and in enforcing such contracts, and contracts
between parent and child as to the expectancy of the
child in the parent's estate. *Bolin v. Bolin,* 245 Ill.
613, and earlier Illinois cases there cited. The rights
of appellant are fixed by the contract he signed, in
which he agreed that the personal representative (ad-
ministrator or executor) of his father in the settlement
of the estate should charge him $4,500, and deduct it
from his distributive share of the estate. This was a
valid agreement based on a valuable consideration, and
we fail to see anything in the doctrine of advancements
that relieves the administrators of the duty of doing
exactly what appellant contracted they should do, or
that enables appellant to prevent their doing it. We
do not see how the heirs, as such, in chancery proceed-
ings, to which they must ordinarily resort to adjust
their differences, could well call upon appellant to set-
tle the matter that he had expressly contracted should
be adjusted in the administration of the personal
estate; and his contract that $4,500 should be taken
from his share as distributee can have no other mean-
ing than that the matter should be adjusted in the Pro-
bate Court which has jurisdiction, and ordinarily exclu-
sive jurisdiction, of the distribution of personal estates.
In affirming the decree dismissing the bill in *Falor v.
Doubet, supra,* this court, among other reasons, stated
that the matter could be adjusted in the Probate Court,
and it is much clearer that it can and must be there
adjusted on the facts presented by this record than it

was on the facts alleged in the bill which the court was then considering.

But it is assumed by appellant, and argued with great confidence, that when he succeeded on the trial in the Circuit Court in getting the administrators to name their claim, and state their reasons for asking a deduction from his distributive share, that their demand failed if they made a mistake in so doing. We do not take that view of the case. The Circuit Court was sitting with substantially the same powers and duties as was the Probate Court in hearing the matter. It is not the policy of the law to embarrass such trials with technical pleadings. The hearing is before the court without a jury, and the purpose of the trial is to arrive at correct conclusions and results. If such results are reached on competent evidence, it is not important whether either the litigant or the court was accurate in the process of reasoning leading to the conclusion. Even where technical pleadings are required, the rights of minors, parties to the suit, should be protected, even though they could not have relief, if adults, because of some defect in the pleadings. *Stark v. Brown,* 101 Ill. 395; *Mason v. Truitt,* 257 Ill. 18.

It may well be, if, because of some mistake in the trial of a case arising from a wrong theory, a party is deprived of the right of trial by jury, or put to a disadvantage in introduction of evidence, that he should be allowed another trial. But whether the name of the claim here is advancement or debt, appellant was not entitled to a jury trial. *Heward v. Slagle,* 52 Ill. 336; *Martin v. Martin,* 170 Ill. 18; *Maynard v. Richards,* 166 Ill. 466; *Coffey v. Coffey,* 179 Ill. 283. It was the duty of the Probate Court in the first instance, and of the Circuit Court on appeal to, without a jury, determine whether there should be a deduction from appellant's distributive share of the estate. No question is raised here of the action of the court in referring one question in the case to the master in chancery, and we

have considered the case on the evidence, which was all before the court, without considering what, if any, effect the findings of the master should have in a trial of this kind. The question was whether appellant's distributive share should be diminished by the amount agreed in his contract, and if there was any defense it should have been made on the hearing, whether the theory of the administrators as to the name of their claim was right or wrong. The bill of particulars on which the Circuit Court tried the case, and that part of it on which appellant relies in saying he was defending only an advancement in land, stated that it was, as per written instrument, signed by said Peter Doubet and delivered by him to his father. He had the right to call for a copy of the instrument before entering on the trial, and though the instrument itself was lost, the administrators had knowledge of its contents and could have furnished a copy. Appellant, failing to do this, could when the instrument was proven, if in his opinion a defense to his promise there made called for different proceedings and evidence from what he before supposed necessary, have asked an opportunity, and time, to present such defense, which would no doubt have been granted. But he did neither. It is argued by appellant that it was not proven that he signed the writing in question. The testimony offered by appellee showed that appellant after the death of his father admitted that he owed the estate $4,500 on account of this transaction; that he had signed and given his father a writing exactly like the one his brother Joe gave his father, except the amount in his (appellant's) was $4,500 and in Joe's it was $4,000. This is the statement from which the contents of the writing is found. The paper signed by appellant was not discovered after the death of the father. That it had not been paid or settled in his lifetime is shown by appellant's statement after his death that he still owed that amount. But it is argued that the record does not

sustain the finding that appellant made those admissions; that the evidence of them is contradictory, in conflict with pleadings of the witnesses as parties to the prior suits mentioned, and for other reasons should not be believed; and that the court erred in not permitting appellant to testify that he signed no such paper when his deed was delivered.

We are satisfied from a reading of the record that the court did not err in finding that the writing was signed by appellant. We see no room for contention that appellant was a competent witness in his own behalf as to the transaction in the lifetime of his father. Appellant argues that the fact that the paper was not found among the papers of deceased gives rise to the presumption that deceased in his lifetime destroyed it, and urges the fact that he is shown to have destroyed a will he had made, in support of that presumption, and argues the case on the theory that the destruction of this paper by the father would release appellant from liability thereon. We do not so understand it. It was a contract imposing a burden on appellant, and we do not see how the loss of the writing evidencing the contract and failure to account for such loss could work a release of his obligation.

Some objection is made to the action of the court in ruling on the evidence, other than above noted; but none was rejected that would have been of material benefit to the appellant, and in a hearing before the court, without a jury, he can hardly err in admitting incompetent evidence. It is said there was no ground for admission of secondary evidence of the writing relied on. It was conceded by everybody on the trial that it was not in existence, and we see no reason why its contents should not have been proven in the way it was proven.

Appellant's case does not seem to have been prejudiced by unnecessary written pleadings, and if it was he was mostly responsible for getting them into the

case. The order could not have been different from that made by the court, therefore the order and judgment is affirmed.

*Affirmed.*